**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARILYN POSTLEWAITE and PAMELA POSTLEWAITE,**<br><br>    **Plaintiffs,**<br><br>    vs.<br><br>**WELLS FARGO BANK N.A.** *et al.*,<br><br>    **Defendant(s).** | Case No.: 12-CV-04465 YGR<br><br>**ORDER DENYING MOTION OF DEFENDANT TO DISMISS FIRST AMENDED COMPLAINT** |

Plaintiffs Pamela and Marilyn Postlewaite bring this action to set aside a non-judicial foreclosure sale conducted after Defendant Wells Fargo Bank, N.A. ("Wells Fargo") represented that it would reinstate a loan and continue the sale. Plaintiffs' First Amended Complaint (Dkt. No. 27, "FAC") alleges four causes of action seeking to: (1) Set Aside a Trustee's Sale; (2) Cancel a Trustee's Sale; (3) Quiet Title; and (4) get an Accounting.

Wells Fargo has filed a Motion to Dismiss on the grounds that no actionable claim has been alleged and that Plaintiffs do not have standing to seek an accounting. The Court held oral argument on June 4, 2013.

Having carefully considered the papers submitted, the FAC, and the oral argument of counsel, for the reasons set forth below, the Court hereby **DENIES** the Motion to Dismiss.

**I.    BACKGROUND**

    **A.    TRANSFERS OF INTEREST IN THE PROPERTY**

On August 1, 2006, Philomena F. Mitchell borrowed $585,000 from Wells Fargo's predecessor in interest, World Savings Bank, FSB[1] ("Loan"), secured by a Deed of Trust recorded

---

[1] World Savings Bank, FSB, thereafter changed its name to Wachovia Mortgage, FSB, but remained chartered under the Home Owner's Loan Act and overseen by the Office of Thrift Supervision. Subsequently, Wachovia Mortgage, FSB, was merged into Wells Fargo Bank, N.A. (*See* RJN, Exs. C-F.)

on August 8, 2006 against 7 Hillsdale Place, San Mateo, CA 94403 (the "Property"). (FAC ¶¶ 2(a), 9.) On August 26, 2006, Ms. Mitchell conveyed her interest in the Property to the Philomena F. Mitchell Living Trust. (*Id.* ¶ 10.) Ms. Mitchell died in 2007. (*Id.* ¶ 4.) Sometime thereafter, Joanne Holman Stine became successor trustee of the Philomena F. Mitchell Living Trust because, according to the Complaint, on March 17, 2008, Ms. Stine, successor trustee of the Philomena F. Mitchell Living Trust filed and recorded a Trust Transfer Deed named Western National Trust Company as successor trustee. (*Id.* ¶ 13.)

On June 29, 2010, Western National Trust Company, as the successor trustee of the Philomena F. Mitchell Living Trust, quitclaimed its interest in the Property to the daughter and granddaughter of Ms. Mitchell, Plaintiffs Marilyn and Pamela Postlewaite. (*Id.* ¶¶ 7, 15.) Each Plaintiff obtained an undivided one-half interest, in the Property, as tenants in common. (*Id.* ¶¶ 6, 14.) Their interest remained subject to the senior lien in favor of Wells Fargo that had been created by virtue of the Deed of Trust recorded on August 8, 2006.

**B.  FORECLOSURE PROCEEDINGS**

On January 11, 2011 and again on March 30, 2011, a Notice of Default was recorded reflecting that the Loan had been in default since August 15, 2010. (*Id.* ¶ 16.) On June 30, 2011, a Notice of Trustee's Sale was recorded, reciting that the debt was now $681,314. (*Id.*) Copies of the Notices of Default and copies of the Notice of Trustee's Sale were sent to Western National Trust Company but not Plaintiffs. (*Id.*)

On July 6, 2011, Western National Trust Company informed Wells Fargo that Plaintiffs were the true owners of the Property and that notice to Western National Trust Company did not constitute notice to the owners. (*Id.* ¶ 17.) Plaintiffs allege that on or about July 14, 2011, they first became aware of a Notice of Trustee's Sale on July 21, 2011. (*Id.* ¶ 18.) Plaintiffs further allege that they contacted Wells Fargo, explained they had no notice of the sale, and attempted to work out a loan modification. (*Id.*)

**C.  PRIOR LAWSUIT AND TRUSTEE'S SALE**

On August 17, 2011 Plaintiff Pamela Postlewaite, on behalf of herself, filed an action against Wells Fargo and the then trustee under the Deed of Trust, NDEx West LLC, in state court alleging

six causes of action: (1) breach of contract; (2) fraud; (3) negligence; (4) intentional tort; (5) violation of the California Foreclosure Prevention Act; and (6) declaratory and injunctive relief. The action was subsequently removed to the Northern District of California. (11-CV-04563-PJH.)[2]

On or about September 16, 2011, then-counsel for Pamela Postlewaite and then-counsel for Wells Fargo, Gene Wu, agreed to reinstatement of the Loan for $44,813.49 and to continue the Trustee's Sale from September 23, 2011 to October 21, 2011, subject to Pamela Postlewaite not pursuing litigation against Wells Fargo and not filing for bankruptcy. (FAC ¶¶ 21-23.) In the original Complaint, Plaintiffs alleged that, Mr. Wu agreed to and did send a "Reinstatement Quote," which was attached to the Complaint as Exhibit H. (Complaint ¶¶ 16-17.) The quote stated about the reinstatement amount: "good through 09-21-11" and "the amount quoted above must be received in our San Antonio office no later than 4:00 p.m., Eastern Time, on 09-21-11. After this date, additional amounts may become due." (Complaint, Ex. H.)

Even though the sale date was supposed to be continued to October 21, 2011, without warning, on October 4, 2011, Wells Fargo sold the Property at a Trustee's Sale, with Wells Fargo taking title pursuant to its credit bid. (FAC ¶ 24.) Plaintiffs allege that they tried to tender the reinstatement amount but that Defendant refused to accept the money. (*Id.* 26.)

D. **PROCEDURAL BACKGROUND**

On August 1, 2012, Plaintiffs filed this action in state court seeking to set aside the trustee's sale, cancel the trustee's deed on sale, quiet title, and an accounting. On August 24, 2012 Wells Fargo removed the action based on diversity jurisdiction. On February 13, 2013, the Court dismissed the original Complaint. On March 6, 2013, Plaintiffs filed their FAC, which Wells Fargo has moved to dismiss.

II. **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of

---

[2] On November 14, 2011, Judge Hamilton granted Wells Fargo's motion to dismiss, dismissing all claims with prejudice because the claims were preempted (First through Fourth Causes of Action); alleged violation of a statute that provided no private right of action (Fifth Cause of Action); or alleged a remedy not a cause of action (Sixth Cause of Action). (*See* RJN, Ex. M.)

material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' obligation to provide the grounds of their entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.

## III. DISCUSSION

This lawsuit arises out of the alleged breach of an oral promise to postpone a non-judicial foreclosure sale. Wells Fargo moves to dismiss the First through Third Causes of Action (Set Aside a Trustee's Sale; Cancel a Trustee's Sale; and Quiet Title) on the sole basis that there was no agreement to postpone the sale (Part A, *infra*). Wells Fargo moves to dismiss the Fourth Cause of Action (for an Accounting) on the sole basis that Plaintiffs do not have standing to seek an accounting under the Note or Deed of Trust because neither Plaintiff is a party to either agreement (Part B, *infra*).[3]

### A. AGREEMENT TO POSTPONE FORECLOSURE SALE

A non-judicial foreclosure sale is presumed to have been conducted regularly and fairly. *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 444 (Cal. Ct. App. 2003) ("Our analysis proceeds on the presumption of validity accorded the foreclosure sale"). The presumption may be rebutted by evidence that, *inter alia*, the trustor and beneficiary agreed to cure the default and reinstate the loan before the foreclosure sale. *Bank of America, N.A. v. La Jolla Group II*, 129 Cal. App. 4th 706, 713 (Cal. Ct. App. 2005). Whether there is sufficient proof to overcome the presumption of a regular foreclosure sale generally presents a question of fact. *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.*, 85 Cal. App. 4th 1279, 1284 (Cal. Ct. App. 2001).

Plaintiffs seek to set aside the non-judicial foreclosure sale on the basis that Wells Fargo breached an oral promise to postpone the sale. Wells Fargo argues that the First through Third

---

[3] This Order only addresses the grounds raised by Wells Fargo. To the extent others may have existed, the Court takes no position.

Causes of Action (Set Aside a Trustee's Sale; Cancel a Trustee's Sale; and Quiet Title) should be dismissed because the FAC fails to allege a binding agreement to postpone the non-judicial foreclosure sale. According to the FAC, on September 16, 2011, Wells Fargo agreed to (1) reinstate the Loan on the Property and (2) continue the sale from September 23, 2011 to October 21, 2011, and Plaintiffs agreed (3) not to pursue litigation or bankruptcy. (FAC ¶ 22.) Wells Fargo disputes that the parties agreed to any of these three terms.

### 1. *Denial that there was an agreement to reinstate the loan.*

Wells Fargo disputes that there was an agreement to reinstate the Loan. The FAC alleges that the parties' agreement required reinstatement by October 21, 2011. Contrary to the allegations in the FAC, however, Wells Fargo argues that there was an "offer" to reinstate the Loan that Plaintiffs never accepted and thus, no contract was formed. Wells Fargo believes that the Reinstatement Quote attached to the original complaint admits this.

According to Wells Fargo, the Reinstatement Quote "is clear as to what is required to accept and reinstate the loan including the payment of $44,813.49 by September 21, 2011, not October 21st." (Motion at 5.) The Reinstatement Quote is more ambiguous than Wells Fargo represents. Specifically, the Reinstatement Quote provides that: "the amount quoted above [$44,813.49] must be received in our San Antonio office no later than 4:00 p.m., Eastern Time, on 09-21-11. After this date, additional amounts may become due." (Complaint, Ex. H.) This language quoted from the Reinstatement Quote is consistent with, and not contradictory to, the factual allegations in the FAC. Taking as true all allegations of fact and drawing all reasonable inferences in favor of the Plaintiffs (as a court must on a motion to dismiss), the Reinstatement Quote discloses the parties did negotiate a reinstatement. Whether the Reinstatement Quote is a quote of the amount necessary to reinstate the loan "good through 09-21-11" and "[a]fter this date, additional amounts may become due," or an offer to contract that is "good through 09-21-11" is an issue of fact which cannot be resolved in this motion.

The motion on this ground is **DENIED**.

*2. Denial that there was an agreement to continue the sale.*

Wells Fargo argues in its Reply that "[a]n alleged oral agreement to postpone the sale is barred under the statute of frauds because it is a modification of an agreement to pay an indebtedness secured by a deed of trust." The FAC alleges postponement of the sale, not a modification of the Loan. Nor is it obvious how the (alleged) agreement between Plaintiffs and Wells Fargo could modify the Loan.

Drawing all reasonable inferences in favor of the Plaintiffs, the alleged agreement is not an oral contract to modify a Loan secured by a Deed of Trust that is barred by the statute of frauds.

The motion on this ground is **DENIED**.

*3. Denial that there was an agreement not to pursue litigation or bankruptcy.*

According to Wells Fargo, "the facts belie the formation of any agreement involving plaintiff's not pursuing the litigation because the facts are that the action was never voluntarily dismissed." Although raised as a defect in contract formation, it appears that Wells Fargo is denying formation based on failure by Plaintiff to perform under the terms of the alleged agreement. Wells Fargo believes that because Ms. Postlewaite did not dismiss her lawsuit between September 16, 2011 (when the alleged oral agreement was made) and October 4, 2011 (when the Property was sold), a contract in which Plaintiff agreed not to pursue litigation or bankruptcy was never formed. Additionally, Wells Fargo argues that Ms. Postlewaite never raised the fact of the alleged agreement in the earlier proceeding, which "almost certainly indicates that there never was an agreement."

Agreeing not to pursue litigation or bankruptcy is the alleged consideration for a four-week postponement of a foreclosure sale. Failure to perform all terms of the alleged agreement (by not dismissing the lawsuit prior to the non-judicial foreclosure sale of the Property) does not disprove the existence of an agreement. Drawing all reasonable inferences in favor of the Plaintiffs, as the nonmoving party, the facts alleged do not "belie the formation of any agreement" in which Plaintiffs agreed not to pursue litigation or bankruptcy. The Motion on this ground is **DENIED**.

Based on the foregoing analysis, the Motion to Dismiss is **DENIED** as to the First through Third Causes of Action.

### B. STANDING TO SEEK AN ACCOUNTING

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (Cal. Ct. App. 2009)). No fiduciary relationship is required. *Lester v. JPMorgan Chase Bank*, ―F. Supp. 2d―, 2013 WL 633333, at *13 (N.D. Cal. Feb. 20, 2013) (citing *Teselle*, *supra*, 173 Cal. App. 4th at 180 and *Shkolnikov v. JPMorgan Chase Bank*, Case No. 12-03996 JCS, 2012 WL 6553988, at *23 (N.D. Cal. Dec. 14, 2012)).

Wells Fargo argues that Plaintiffs do not have standing to seek an accounting because Plaintiffs are not the borrowers on the Loan and do not owe any money to Wells Fargo. According to Wells Fargo no fiduciary or other relationship exists between the parties that would require an accounting. While Plaintiffs may not be the parties to the Loan, they purport to have an interest in a Property in which Wells Fargo has a lien, and Plaintiffs seek an accounting to determine the amount of that lien. The Court disagrees that Plaintiffs fail to allege that a relationship exists that requires an accounting.

Based on the foregoing analysis, the Motion to Dismiss is **DENIED** as to the Fourth Cause of Action.

### IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss is **DENIED**.

Defendants shall answer the First Amended Complaint within 21 days of the date of this Order.

This terminates Dkt. No. 28.

**IT IS SO ORDERED**.

Date: June 4, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE