**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARILYN POSTLEWAITE**, *et al.*,<br><br>   **Plaintiffs,**<br><br>   v.<br><br>**WELLS FARGO BANK, N.A.**, *et al.*,<br><br>   **Defendants.** | **Case No.: 12-CV-4465 YGR**<br><br>**ORDER DENYING MOTION TO APPEAR BY TELEPHONE** |

On December 16, 2013, Defendant NDeX West, LLC ("NDeX"), filed a motion to appear telephonically at a court-sponsored mediation scheduled for January 15, 2014. (Dkt. No. 62.) The motion is **DENIED** as procedurally improper.

"District judges must adhere to their court's local rules, which have the force of federal law." *Alliance of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013) (quoting *In re Corrinet*, 645 F.3d 1141, 1146 (9th Cir. 2011)). This Court's ADR Local Rule 6-10(a) provides that, with respect to court-sponsored mediation, "[a]ll named parties and their counsel are required to attend the mediation in person unless excused under" ADR Local Rule 6-10(d). Paragraph (d) in turn provides:

> A person who is required to attend a mediation may be excused from attending in person only after a showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. A person seeking to be excused *must* submit, no fewer than 14 days before the date set for the mediation, a letter to the ADR Magistrate Judge, simultaneously copying the ADR unit, all counsel and the mediator. The letter must:

    (1) Set forth all considerations that support the request;
    (2) State realistically the amount in controversy in the case;
    (3) Indicate whether the other party or parties join in or object to the request, and
    (4) Be accompanied by a proposed order.

*The request may not be filed or disclosed to the assigned judge.*

ADR L.R. 6-10(d) (emphases added).

  Rule 6-10(f) provides: "A person excused from appearing in person at a mediation must be available to participate by telephone for the duration of the session or until excused by the neutral."

  Here, both Plaintiff and the other named defendant in the case, Wells Fargo Bank, N.A. ("Wells"), have represented to the Court their agreement that NDeX need not participate in the mediation because it allegedly acted in a merely ministerial role on the behalf of Wells. (Dkt. No. 54 at 2.) Nevertheless, the Court's ADR Local Rules provide a process for excusing parties from attending court-sponsored mediation, and that process does not contemplate excuse by stipulation, nor by order of the assigned judge.

  For the foregoing reasons, NDeX's motion is hereby **DENIED WITHOUT PREJUDICE** so that NDex may undertake the procedure set forth in the ADR Local Rules.

  This Order terminates Docket No. 62.

  **IT IS SO ORDERED.**

Date: December 17, 2013

                _____
                **YVONNE GONZALEZ ROGERS**
                **UNITED STATES DISTRICT COURT JUDGE**