UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARILYN POSTLEWAITE, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**WELLS FARGO BANK, N.A., ET AL.,**<br><br>Defendants. | Case No.  12-cv-04465-YGR<br><br>**ORDER: (1) TO SHOW CAUSE AND DIRECTING PLAINTIFF PAMELA POSTLEWAITE TO SHOW CONTINUED INTENT TO PROSECUTE THIS ACTION AND (2) RESCHEDULING HEARINGS** |

On January 20, 2015, defendant Wells Fargo Bank, N.A. ("WFB") moved to dismiss as a terminating sanction pursuant to Federal Rules of Civil Procedure 37 or 41(b).  (Dkt. No. 119.)  The motion was premised on plaintiffs' purported failure to prosecute and non-compliance with this Court's orders.  The other defendants joined in the motion.  (Dkt. Nos. 121, 123.)  Plaintiffs Marilyn and Pamela Postlewaite filed an opposition thereto.  (Dkt. No. 127.)

On February 25, 2015, plaintiffs filed a motion to amend the scheduling order, continue the trial date by 180 days, and vacate all trial-related deadlines, including the approaching deadline to complete fact discovery.  (Dkt. No. 132.)  On that same day, counsel for plaintiffs moved to withdraw from the case, stating "[p]laintiffs have failed to maintain regular communications with counsel," and that this "absence of communication and contact renders adequate preparation for trial impossible."  (Dkt. No. 133 at 5; *see also* Dkt. No. 133-1 ¶ 5-7.)

For the reasons set forth below, the Court hereby **ORDERS** Plaintiff Pamela Postlewaite to show cause why this case should not be dismissed for failure to prosecute.  The hearing on this order to show cause shall occur on **April 7, 2015** at **9 a.m.**, in the Federal Courthouse located at 1301 Clay Street, Oakland, California, in Courtroom 1.  **Plaintiff Pamela Postlewaite is ordered to attend this hearing personally and confirm that she intends to prosecute this action and be prepared to sit for a deposition on that day.**[1]  **Failure to appear will result in dismissal for**

---

[1] Counsel for defendants shall make standby arrangements for a deposition.

**failure to prosecute.**[2]

## I. RELEVANT BACKGROUND WARRANTING DISMISSAL

Plaintiffs initiated this action in state court on August 1, 2012, seeking to set aside a trustee's sale, cancel the deed of sale, quiet title, and receive an accounting from defendants in connection with a foreclosure of their former residence. (Dkt. No. 1.) On August 24, 2012, WFB removed the case to this Court based on diversity jurisdiction. (*Id.*) On February 13, 2013, the Court dismissed the original complaint without prejudice. (Dkt. No. 26.) On June 4, 2013, the Court denied WFB's motion to dismiss the First Amended Complaint. (Dkt. No. 33.)

On October 22, 2013, the Court issued an Order to Show Cause ("OSC") regarding possible sanctions for plaintiffs' failure to appear at a Case Management Conference scheduled for October 21, 2013. (Dkt. No. 57.) The Court discharged the OSC in light of a declaration filed by plaintiffs' counsel indicating the failure to appear resulted from technical issues with the firm's calendaring program.

On December 13, 2013, WFB filed a motion for leave to file an amended answer, to include additional affirmative defenses. (Dkt. No. 61.) Plaintiffs' counsel indicated he was personally willing to stipulate to the filing of an amended answer, but that plaintiffs were not willing to do so. (Dkt. No. 61-1 at ¶¶ 4-6.) Despite their unwillingness to so stipulate, plaintiffs failed to file an opposition to the motion and leave to amend was granted. (Dkt. No. 65.) WFB's amended answer was filed on January 6, 2014. (Dkt. No. 66.)

WFB filed a motion for judgment on the pleadings on January 9, 2014. (Dkt. No. 67.) Defendant NDeX West, LLC ("NDeX") joined in the motion. (Dkt. No. 74.)

Plaintiffs failed to appear personally at a January 15, 2014 mediation, as required by ADR Local Rule 6-10(a), although plaintiffs' counsel attended. Apparently Pamela Postlewaite informed her counsel the night before that she could not attend for unspecified reasons and

---

[2] Counsel for plaintiffs shall provide copies of this Order in its entirety to plaintiffs by **March 6, 2015** and shall file a proof of service or declaration of compliance by **March 10, 2015**.

2

1   Marilyn Postlewaite could not attend due to her serious medical conditions.  (Declaration of
2   Michael Rapkine in Support of Defendant Wells Fargo's Motion to Dismiss [Dkt. No. 120,
3   "Rapkine Dec."], ¶ 2.)  The Court then ordered plaintiff Pamela Postlewaite to appear personally at
4   a settlement conference.  That unsuccessful settlement conference was held on February 17, 2014.
5   (Dkt. Nos. 78, 80.)

6         On September 24, 2014, the Court granted in part and denied in part defendants' motion
7   for judgment on the pleadings.  (Dkt. No. 93.)

8         The Court issued an Order Setting Case Schedule and Trial Date on October 31, 2014,
9   setting a fact discovery cutoff of March 31, 2015, April 30, 2015 for the close of expert discovery,
10  June 19, 2015 for hearing dispositive motions, and August 24, 2015 for the start of trial, among
11  other hearings and deadlines.  (Dkt. No. 104.)

12        WFB again moved for judgment on the pleadings on October 10, 2014, arguing plaintiffs
13  had failed to include as defendants two necessary parties: Yan Pan and Yaru Wang, who
14  purchased the home at issue from WFB.  (Dkt. No. 94.)  In light of the parties' stipulation, the
15  Court subsequently granted plaintiffs' request to add Pan and Wang as defendants and denied
16  WFB's motion as moot.  (Dkt. No. 111.)

17        WFB moved to dismiss the case when plaintiffs failed to file a Second Amended
18  Complaint by the Court-imposed deadline.  (Dkt. Nos. 111-12.)  However, plaintiffs ultimately
19  filed a Second Amended Complaint on December 3, 2014, naming Pan and Wang as defendants,
20  and WFB withdrew the motion to dismiss.  (Dkt. Nos. 113-14.)

21        WFB noticed a deposition for Pamela Postlewaite to be taken on November 7, 2014.
22  (Rapkine Dec. ¶ 6.)  However, several days before the deposition, plaintiffs' counsel notified
23  defendants she could not attend due to unspecified health problems and requested the deposition
24  be held in December.  (*Id*.)  WFB then set a deposition for December 8, 2014.  (*Id*. ¶ 7.)  On
25  December 5, 2014, plaintiffs' counsel notified defendants that she again would be unable to attend
26  due to unspecified health problems.  (*Id*.)

27        On December 19, 2014, the Court, on stipulation of the parties, ordered that plaintiff
28  Pamela Postlewaite attend a deposition on January 19, 2015.  (Dkt. No. 116.)  The Order noted

3

1  that defendants intended to bring a motion for terminating sanctions if plaintiff failed to appear at
2  the deposition. (*Id*.) On Friday, January 16, 2015, plaintiffs' counsel notified defendants that
3  Pamela Postlewaite would not attend the deposition. (Rapkine Dec., Ex. C.)
4        Plaintiffs now contend, supported by a declaration from counsel but not Pamela
5  Postlewaite or her physician, that she was unable to attend the mediation or three noticed
6  depositions as a result of various health issues, such as "severe abdominal and back pain from her
7  abdominal tumor," limiting her ability to walk and causing her to bleed periodically. (Declaration
8  of Paul J. Smoot in Support of Plaintiffs' Opposition to Motion to Dismiss [Dkt. No. 127-1,
9  "Smoot Dec."], ¶¶ 2, 6-9.) Around this time, Pamela Postlewaite was also dealing with the
10 possible eviction of her mother, Marilyn, from her care facility as a result of a purported
11 "accounting error/issue." (*Id*. ¶ 8.)

### II. WITHDRAWAL NOTIFICATION

**Moreover, Plaintiffs Pamela and Marilyn Postlewaite are hereby notified** of the following effects of an Order granting plaintiffs' counsel's motion to withdraw:

#### NOTICE TO CLIENTS WHO MAY BE UNREPRESENTED

If the action is not dismissed and the motion to withdraw is granted, you may no longer have an attorney representing you in this case. Under those circumstances, you may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. **If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

It is your duty to keep the Court informed at all times of your current address. The Court needs to know how to contact you. If you do not keep the Court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that **may adversely affect your interests or result in your losing your case**.

### III. SCHEDULING

The hearing scheduled for March 3, 2015 on defendants' motions to dismiss is hereby **CONTINUED** to **April 7, 2015** at **9 a.m.**[3] The hearing on plaintiffs' motion to amend the scheduling order currently set for April 7, 2015 at 2 p.m. shall also be held on **April 7, 2015** at **9 a.m.**

This Order terminates Docket No. 131.

**IT IS SO ORDERED.**

Dated: February 27, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] Thus, NDeX's motion to appear by telephone at the March 3, 2015 hearing is **DENIED AS MOOT**.

5